# The State of Missouri

AT THE

## OCTOBER TERM, 1882.

(*Continued from Volume* 76.)

77 13
f 164 152

---

### THE CITY OF ST. LOUIS v. MEIER, *Appellant.*

1. **Conditional Dedication**: STREETS. A dedication for a street on condition that the street shall be extended by the neighboring proprietors without expense to the dedicator, and cannot be accepted by the city by instituting proceeding to condemn the land of the neighboring proprietors. Whether the dedicator should be charged with benefits for the extension would depend upon the charter of the city, and could not be controlled by agreement of the parties.

2. —— : ——. A dedication can take effect only according to its terms. Hence, where land was dedicated for a street on condition

that neighboring proprietors should dedicate the same street through their lands; *Held*, that the opening of the street, by the city by condemnation, through the other lands, did not amount to a fulfillment of the condition.

3. **Street Opening**: ASSESSMENT OF BENEFITS. The owners of land affected by the opening of a street, appeared before the commissioners appointed to open the street through neighboring lands, and consented to the opening through their land on condition that no benefits should be assessed against them; and the commissioners agreed; *Held*, that this arrangement was illegal, as tending to render the assessment of benefits against others unequal and partial.

4. ——; ——. Commissioners appointed to open a street through lands adjoining the lands of the heirs of K. omitted to assess benefits against them on the ground that they had agreed that the street should be opened through their land and that the value of the land occupied by the extension would be equal to the benefits. *Held*, that the commissioners had no right to take this into consideration, and their having done so invalidated the assessment made against other land holders.

5. ——; ——. A conveyance of property sought to be condemned for a street, made after the institution of proceedings to open the street and with the purpose of enabling the grantor to escape an assessment of benefits, is properly disregarded by the commissioners.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*A. M. Gardner* for appellant.

1. The duty of the commissioners, under the charter (art. 6, § 2), was to ascertain the actual value of the land taken, the damages done to the property, and for the payment of such values and damages to assess against the city the general benefits, and the balance against the owners of all property which should be specially benefited by the proposed improvement. Neither the ordinance nor the proceedings under it, in any way seek to appropriate the Kingsland tract, nor are the owners of that tract noticed or are in any way made parties to these proceedings. We submit that the commissioners, in considering the value of

this tract exceeded their authority. The ordinance did not seek to establish or open Ninth street over or through the Kingsland tract, and hence the only jurisdiction the commissioners could have was to assess benefits against it in case they found it specially benefited by the proposed improvement; and yet admitting that the Kingsland tract was benefited, they assume to balance these benefits by the supposed damages, a matter over which they had no jurisdiction whatever. In other words, these commissioners assumed to construe the Kingsland deed—to pass upon the validity of the proposed dedication, and to accept the verbal statement of the Kingslands' attorney that they would not object to the opening of the street in question, provided they, the Kingslands, were not assessed with benefits. All of which was clearly irregular and illegal. The effect of it was to exempt this property and thereby compel the property owners north and south, including these defendants, to pay a greater tax than they would had the assessment been equalized over all the property benefited.

2. The commissioners had no right to pass upon the validity, purpose and motive of the conveyance to E. D. Meier. They should have accepted the facts as shown to exist, made their report in accordance therewith and left the question of ownership, the validity of the title, and the effect of the conveyance upon these proceedings to be determined by the court.

3. The act of the city in instituting these proceedings was not an acceptance of the Kingsland dedication. *Cass Co. Supervisors v. Banks,* 44 Mich. 467.

4. Had the condition in the deed of dedication been that the lot owners in said Kingslands' subdivision should be exempt from the assessment of benefits in the opening of Ninth street, which was the practical effect the commissioners assumed to give it, such a dedication would have been without force, even if accepted by the city. It would be in the nature of a private agreement between the city and the Kingslands, binding neither the defendants in this

case nor any other property owner affected by the opening of the street. *Tyler v. St. Louis*, 56 Mo. 60.

5. The dedication not being absolute when the present charter took effect, became a nullity because it does not conform to section 1, article 1 of the charter.

6. The appearance of the Kingslands before the commissioners with their verbal offer to confirm the dedication made by their ancestor, provided their land was not assessed with benefits, could not in any way affect the condition of the deed or the *status* of the parties to these proceedings, and should have been entirely disregarded by the commissioners.

*Leverett Bell* and *James E. Withrow* for respondent.

Leroy Kingsland dedicated Ninth street substantially on this condition : that it should be opened to the next street north and south without expense to him or his grantees. By not making the Kingslands parties to this proceeding the city has elected to accept that dedication, and exempt them from benefits inasmuch as they have contributed their full share to this improvement. *Rector v. Hartt*, 8 Mo. 448 ; *Becker v. St. Charles*, 37 Mo. 18 ; *Rutherford v. Taylor*, 38 Mo. 315 ; Dillon on Munic. Corp., § 505. The city having accepted the dedication in full compliance with the terms upon which it was made, the commissioners could not have made a valid assessment of benefits against the Kingslands. The Kingsland dedication takes effect the moment that Ninth street is dedicated or opened from Bremen avenue, to Angelica street without expense to him or his grantees. 37 Mo. 13 ; 38 Mo. 315. The pretended sale of this property by Adolphus Meier to his son E. D. Meier, pending the proceedings, was a sham, and was, therefore, properly ignored by the commissioners. The rule is well settled that "Every person purchasing an interest in an estate during the pendency of a suit affecting the title to the same, is bound by the judgment in such

suit, without being made a party to the same." Washb. on Real Prop., (3 Ed.) p. 229, § 8; Story Eq., §§ 405, 407.

Hough, C. J.—This is a proceeding instituted in the circuit court of St. Louis on the 14th day of February, 1878, to open Ninth street in said city. At the time of the institution of this proceeding, Ninth street was already open north and south of the land proposed to be taken. The intervening space interrupting the continuity of said street and involved in this suit, was 595 feet in length north and south, and sixty feet wide, that being the width of Ninth street, and was owned by the following named persons, in the order stated: 275 feet by Adolphus Meier, eighty feet by the Kingsland heirs, eighty feet by the Sarpy estate, and 160 feet by Margaret Walther; and each of these parties owned land on either side of the several strips above described.

In 1865 Leroy Kingsland filed with the recorder a plat of a subdivision of certain land owned by him, which included the eighty feet mentioned above as belonging to the Kingsland heirs, and made thereon the following dedication : " First and Ninth streets and alleys as indicated above are also dedicated to public use, provided the owners north and south of the above subdivision will dedicate the same streets and alleys through their respective tracts without expense to the owners of the lots of the above subdivision." Ninth street as indicated on this plat covers the strip eighty feet long and sixty feet wide belonging to the Kingsland heirs.

In instituting this proceeding the city acted upon the idea that this street had been dedicated to public use, and did not, therefore, seek to condemn it, and the commissioners recognizing the dedication as having been made upon the condition that Ninth street should be opened up north and south of the land dedicated without any expense to the owners of the lots in said Kingsland addition, lying east and west of said dedicated strip, did not assess any

2—77

benefits against said lots. Indeed no mention whatever is made of the Kingsland property in the report of the commissioners, although it appears upon the plat accompanying that report, as a part of the territory through which Ninth street is proposed to be extended, and which will be benefited thereby.

George S. Drake, one of the commissioners, testified that. they assessed no benefits against the Kingslands because of their dedication; that if no dedication had been made, the Kingsland land would have been benefited as much as the other land north and south; that the attorney of the Kingslands was present and stated that they would not object to the opening of the street if the commissioners did not assess any benefits against their land, and that the commissioners could not award any damages to the Kingslands and thought it but fair not to assess any benefits against them. E. G. Obear, another of the commissioners, testified that the Kingsland land would receive as much benefit as the other land north and south, but that they did not assess it with benefits because of the dedication. E. C. Cabell, the third commissioner, testified that they ratified the conditional dedication, and were of opinion that if the land was not dedicated, the damages and benefits would be equal. He further stated that a plat and dedication were shown to the commissioners, to the effect that the street was to be opened without cost to the representatives of Leroy Kingsland.

It may well be doubted whether the dedication by Leroy Kingsland of the strip eighty feet long and sixty feet wide for Ninth street could be accepted by the city by instituting proceedings for the condemnation of the land north and south of it. Such proceedings do not fulfill the condition of the dedication. The condition was that the property owners north and south of him should also dedicate a strip sixty feet wide through their lands. Kingsland must be supposed to have known that he could not legally make, and that the city could not legally accept a

dedication by him upon condition that when the city should condemn the land north and south of him, he should not be assessed with benefits. Whether he would be liable to be assessed with benefits would depend upon the provisions of the city charter, and not upon the agreement of the parties. Besides the owners of the land north and south of him could not by any arrangement between him and the city, be made to bear any portion of the tax for benefits which would otherwise be chargeable against his property.

The dedication indorsed upon the plat filed by Kingsland, must, it seems to us, take effect according to its terms, or not at all. Kingsland knew that if all parties dedicated a strip sixty feet wide through their lands, no condemnation could take place and no benefits could be assessed; and he also knew that if they did not make such dedication, and it became necessary to condemn their land, he would be liable to be assessed with benefits, although he should give a strip for Ninth street through his land.

Nor could his legal representatives rightfully escape an assessment for benefits by appearing before the commissioners and consenting to the opening of Ninth street through their land upon condition that they should not be assessed. Such an arrangement is an evasion of the law, and may render unequal and partial the special tax assessed to pay the damages awarded for the land taken.

Nor could the commissioners lawfully relieve the Kingsland property from an assessment for benefits by an imaginary balancing of such benefits against the value of the land not condemned. They had no right to consider the value of the land not taken, and which they regarded as having been dedicated.

No dedication having been made by the owners north and south of Kingsland, and no unconditional dedication having been made by the representatives of Kingsland, the only proper method of proceeding was to condemn the Kingsland land.

We regard the ordinance as valid, and are of opinion that the commissioners properly disregarded the conveyance of Adolphus Meier to his son E. D. Meier of the property sought to be condemned. It was made after the institution of this proceeding, and from the testimony was evidently a device merely of Adolphus Meier to escape from an assessment for benefits.

The judgment of the court of appeals and of the circuit court will be reversed and the cause remanded. The other judges concur.