Robinson, J.
 

 The following áre the assignments of error of the plaintiff in error, the city of Cleveland :
 

 “(a) The judgment of the Court of Appeals is contrary to law, in that it holds the power of a municipality to levy assessments for a water main (which power municipalities had at the time the deed in question was made) to have been contracted away by the plaintiff in error.
 

 “(b) The judgment of the Court of Appeals is contrary to law, in that it holds a municipality
 
 *601
 
 may, by agreement, exempt abutting property from assessments for unnamed improvements to be constructed in tbe future.
 

 “(c) The Court of Appeals erred in holding that exemption from assessment for the construction of a water main, although not mentioned in the deed, was a part of the consideration for the property acquired.
 

 “(d) The Court of Appeals erred in holding that the provisions of the deed upon which the court was passing did not indefinitely abandon the city’s power to tax for the construction of improvements.”
 

 It is not contended by the city of Cleveland that the covenants that the city should pay “all cost and expense of the necessary grading, drainage, sewers, loaming, seeding, planting of shade trees, and laying of a six-foot stone or cement sidewalk on each side of said parkway” were
 
 ultra vires:
 
 it being conceded that the city was empowered to purchase the premises for the purpose for which they were used, and to pay the full value therefor, and it seems to be the theory of the city that, since payment therefor would be made from funds raised by general taxation, the construction of certain specified improvements and payment therefor by the city out of funds raised by general taxation, which would inure to the benefit of the lands retained by defendant in error, would not differ in effect from the payment to defendant in error, as a consideration for the conveyance, a sum equal to the sum which it would have been entitled to assess against the property as special benefit, and that, had the deed provided for the laying of a
 
 *602
 
 water main, as the city now proposes to do at its own expense, that too would have been within its powers; that the city was empowered to agree to make improvements at its own expense equal to the value of the premises conveyed.
 

 The covenants to construct specific improvements having been performed, and the power of the city to that extent not being challenged, this court will accept that situation as it is, without either approval or disapproval.
 

 It is, however, contended by the city that it is without power to bind itself by contract to
 
 indefinitely
 
 exempt property from special assessment, whether named or unnamed, and especially unnamed.
 

 Manifestly, since the city is not authorized to pay for the premises more than their reasonable value, the consideration which the city covenants to pay by exemptions and improvements must be such that its value is reasonably ascertainable, such that both the seller and the buyer, the public, may know whether value or more than value has been agreed to be paid, and manifestly neither the seller nor the buyer can reasonably anticipate the nature or value of improvements which future generations may construct and be authorized to assess according to benefits.
 

 The record does not disclose whether there is any other property along this parkway, which, by reason of similar covenants, is entitled to claim similar exemptions from assessments, but the situation can well be imagined where, in the acquiring of property for a parkway system, such as the city of Cleveland is known to have acquired, sim
 
 *603
 
 ilar covenants might innre to a considerable per cent, of the land abutting on the parkway system, with the result that either an undue proportion of the expense of constructing improvements, such as the laying of water mains, which is essential to the value of residential lands, must be borne by land with which no such covenant runs, or such lands be forever deprived of the benefit of such improvements.
 

 This court, in the case of
 
 Richards
 
 v.
 
 City of Cincinnati,
 
 31 Ohio St., 506, held:
 

 “Where lands within a municipal corporation are laid out into lots, streets, and alleys, and the streets are dedicated to the public by a deed which contains a condition that the lots shall be exempt from charges for the improvement of the streets unless a majority of the abutting owners shall assent thereto in writing; such dedication of the lands for streets and alleys will take effect, but the condition is inoperative.”
 

 In the discussion of that case Mcllvaine, J., said, at page 513:
 

 “In our opinion, these dedications to public use took effect, but the conditions named were inoperative and void. The dedicators undoubtedly intended to make the grant to the public absolute and perpetual, but sought to secure to themselves, their heirs and assigns,
 
 quoad
 
 other property, an immunity from public burdens, from which it is against the policy of our law that any one should be exempted. The public necessity that streets and highways should be improved and kept in repair is equal to the necessity for their establishment; and private property cannot be exempted
 
 *604
 
 from liability to share in the burden of the improvement and repair of highways, any more than it can be exempted from liability to be appropriated for the establishment of a highway, where public necessity demands it. And it is no answer for these parties to say that, when the public accepted the dedications, it assented to the conditions. The public had power to accept the grant, but no power to assent to the conditions proposed. While, therefore, the lands dedicated have become a part of the public street, the proposed exemption of other lands from the public burden of maintaining it are inoperative and void. ”
 

 While the decision in that case would seem to go so far as to hold that the covenants in this deed “to grade, drain, sewer,” etc., were
 
 ultra viréis,
 
 that question is not here in this case. A distinction possibly can be drawn between the dedication of streets to a city in an allotment where the dedication ostensibly is for the benefit of the public, but in fact is largely for the benefit of the landholders on either side, and the purchase of property by a city for boulevard or park purposes, where the purchase actually is for the benefit of the public and the benefit to abutting land is incidental, although we are not here making such distinction.
 

 The levying of taxes, general or special, is an act of sovereignty, a prerogative which neither the state nor the municipality, to which limited sovereignty has been delegated, can barter away. Necessarily such surrender is against public policy. A specific exemption can be justified only upon the theory that the city was empowered to
 
 *605
 
 pay for the premises their value, and that that value equaled the sum which it would have been entitled to assess as benefits for specific improvements, the right to do which it waived. The city, however, was in no position to anticipate that certain specified improvements would be all the improvements the neighborhood would ever require or for which the city in the future might desire to make special assessments.
 

 The covenants of this deed attempted to limit the city’s right to levy special assessments for every purpose, save and except for the purpose of paving the park drive and for the construction of sanitary sewers. It was a waiving of the city’s right to levy special assessments for all time and for every purpose, other than those excepted, for which the city might then have levied special assessments, or for which the city might thereafter be empowered to levy special assessments. Clearly, such waiver is
 
 ultra vires
 
 and against public policy, and would result not only in blocking the wheels of progress, but in an unequal distribution of the burdens of taxation between those specially favored by such waiver and those not so specially favored.
 

 The Supreme Court of Minnesota, in the case of
 
 State, ex rel. Townsend,
 
 v.
 
 Board of Park Comm’rs of Minneapolis,
 
 100 Minn., 150, 110 N. W., 1121, 9 L. R. A. (N. S.), 1045, held:
 

 “A municipality, acting through its legislative body, has no power to enter into contracts which curtail or prohibit an exercise of its legislative or administrative authority over streets, highways.
 
 *606
 
 or public grounds, whenever the public interests demand that it should act.”
 

 The holding of the Supreme Court of Missouri in the case of
 
 City of St. Louis
 
 v.
 
 Meier,
 
 77 Mo., 13, is:
 

 “The owners of land affected by the opening of a street * * * consented to the opening through their land on condition that no benefits should be assessed against them; and the commissioners agreed:
 
 Held,
 
 that this arrangement was illegal, as tending to render the assessment of benefits against others unequal and partial.”
 

 In 5 McQuillin on Municipal Corporations, Section 2069, it is stated that the Legislature has power to authorize a municipal corporation to agree with an owner of land that, in consideration of his conveying to it certain lands, other of his lands shall be exempt from assessment, “but in the absence of express grant of power a municipal corporation has no such authority” (citing cases from Indiana, Massachusetts, Michigan, Mississippi, Missouri and New York).
 

 The Supreme Court of Michigan, in the case of
 
 Leggett
 
 v.
 
 City of Detroit,
 
 137 Mich., 247, 100 N. W., 566, held:
 

 “A condition subsequent in a deed to a city that the grantor shall be released from future assessments for opening streets is void.”
 

 And in discussion thereof, at page 252 (100 N. W., 568), the court said:
 

 “In the opening of streets a city acts as an agency of government. * * * In performing the functions of such agency, it has no private or municipal interest, and it has no power except such
 
 *607
 
 as is prescribed. It is given no authority to say that a given parcel of land shall never be taken as a highway, nor has it authority to agree that some or all lands which would be benefited by the establishment of a highway shall have immunity from contribution. The statute requires it to establish an assessment district, which must include all lands benefited. It cannot do less. If it can agree to omit one parcel, it may omit many.”
 

 How far the “Home Rule” provision of our Constitution empowers a municipality in the levying of special assessments according to benefits within its own jurisdiction to discriminate between lands similarly situated and similarly benefited is not before this court for determination in this case, since, in so far as the record discloses, there is neither provision in the charter of the city of Cleveland, nor provision by ordinance, authorizing such discrimination.
 

 A holding contrary to the doctrine announced in the foregoing cases is found in the case of
 
 Giles
 
 v.
 
 City of Olympia,
 
 115 Wash., 428, 197 Pac., 631, 16 A. L. R., 493. The condition in the deed granting the property to the city, however, was that certain abutting property was to be released, exempt, and free from any costs and assessments “by way of grading, graveling,” etc. And of the same purport is the case of
 
 Coit
 
 v.
 
 City of Grand Rapids,
 
 115 Mich., 493, 73 N. W., 811, where in consideration of a grant of the right to construct a sewer across certain lands the city agreed to exempt such lands, with other lands of the grantor, for assessment for the construction of the sewer.
 

 These latter oases are not different in principle
 
 *608
 
 from the case of
 
 Vrooman
 
 v.
 
 City of
 
 Toledo, 26 Ohio Cir. Ct. R. (N. S.), 129, upon the reasoning and authority of which the defendant in error relies. That was a case where the city of Toledo received a deed for certain property, and in consideration thereof agreed that the lands procured, together with other lands, would be opened by the city and improved by turnpike, a boulevard constructed by grading, graveling, and making an improved roadway thereof, which would be perpetually maintained as a boulevard, and that no special tax or assessment for the improvement or
 
 maintenance
 
 thereof would ever be levied or assessed against the property abutting upon the boulevard. The court in that case held that the city, in consideration for the land, had the power to improve the roadway, and to that extent was bound by the covenants of the deed, but that the covenant of the deed that no special assessment should ever be levied for the maintenance was
 
 ultra vire,s
 
 and void. While as an authority that case is not binding upon this court, yet, in so far as that case and the cases of
 
 Giles
 
 v.
 
 City of Olympia
 
 and
 
 Coit
 
 v.
 
 City of Grand Rapids, supra,
 
 passed upon the right of a municipality to bind itself beyond certain special assessments, the amount of which was reasonably ascertainable at the time of entering into the contract, they are authority for the position which this court has taken in this cause.
 

 Without approving the power of a municipality to enter into an agreement to exempt property from a specified, reasonably ascertainable assessment, we have no hesitancy in holding that an in
 
 *609
 
 definite exemption, the purpose or amount of which is not reasonably ascertainable, is not only
 
 ultra
 
 vires, but is also against public policy.
 

 The judgment of the Court of Appeals and that of the common pleas will be reversed, and the demurrer to the petition of plaintiff sustained.
 

 Judgment reversed and demurrer to petition of plaintiff sustained. ■
 

 Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur.