No. 687

LUCAS COUNTY (Treas.) v. PEAK

Ohio Appeals, 6th Dist., Lucas Co.

Nos. 1701-1703. Decided May 24, 1926

103. ASSESSMENTS—Where landowner signs petition for road improvement whereby he waives any irregularity in levying assessments, same to be signed by 51% of landowners in the municipality; and does not intend it to become effective without the requisitive majority; a successor in title is not estopped to assert the invalidity of assessmnet when the number of signers is below the required majority.

621. IMPROVEMENTS—Before amending enactment, county commissioners had no power to levy assessments on road improvement to be constructed wholly within municipal limits.

RICHARDS, J.

All three action were instituted in the Lucas Common Pleas by the treasurer of Lucas County to recover assessments levied for the construction of Stone road improvement No. 82, located in the village of Sylvania. The case came to the Court of Appeals on appeal.

In 1916 the village council adopted a resolution giving consent to the county commissioners to construct a road improvement through the village, the entire course being within the limits of the village. No action other than to adopt the resolution was taken by council.

It is claimed that the county commissioners had no power to construct the road located entirely within the municipality for the reason that the statue as it then read, 106 OL. 608, 6949 GC. provided that commissioners could extend a proposed road improvement into or through a municipality when consent of council had been first obtained. The Court of Appeals held:

1. Under this statute the commissioners had not power to construct a road improvement wholly within the limits of the municipality; but only to extend an improvement into or through it.

2. The statute has since been amended so as to have such an improvement constructed entirely within the municipal limits, with consent of the council.

3. In this case the assessments should have been levied by the village council and not the county commissioners; the latter having no authority.

4. The village council had no right to barter away the right to levy assessments on land situated within the municipality. 109 OS. 598.

5. It is urged that Peak is estopped to as-

sert the invalidity of the assessments for the reason that her predecessor in title signed the petition for improvement by which was waived any defect or irregularity in levying assessments.

6. When the petition was signed, the signer intended it to become effective only upon the signing of 51% of the land owners. The record shows that the number of signers fell far short of the requisite majority required by statute.

7. Therefore the petition was not binding and Peak is not estopped from asserting the invalidity of the assessments.

Decree for defendant.

Attorneys—Roy R. Stuart, Pros. Atty., and Edwin Barger, Asst. Pros. Atty., for Treasurer; D. O. Beall and John R. Manton for Peak; all of Toledo.