## No. 13,924.

Town of Estes Park *v.* Mills, Administratrix.
(65 P. [2d] 1086)

Decided February 23, 1937.

Mr. Ab H. Romans, Mr. Hatfield Chilson, for plaintiff in error.

Mr. Fred W. Stover, Mr. Herbert A. Alpert, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The town of Estes Park brought this action to collect from E. J. Mills an annual charge for what was alleged to be his share of the maintenance of a sewage disposal plant, or for an order requiring him to disconnect from the sewage system. Subsequent to the trial Mills died and Ethel Mills, administratrix of his estate, was substituted as defendant and is defendant in error here. To a judgment adverse to it, the town prosecutes a writ of error. Reference will be made to the parties as the town and Mills.

The town is an incorporated village and Mills was the owner of the Crags Hotel located outside the corporate limits. Prior to the incorporation of the town in 1917, it had a sewage line serving a part of its main area. Mills disposed of sewage from the hotel by running it into a septic tank. The state health authorities complained of the general manner of sewage disposal by the town and other people in its vicinity. Upon incorporation of the town it took steps to provide for adequate sewage disposal. A plant, the cost of which would be within the limit of the indebtedness which the town could incur apparently would be insufficient to take care of town sewage and that of three large hotels adjacent to, but outside of, its corporate limits, one of which, the Crags, was owned by Mills. To meet the situation and provide for a larger plant, negotiations with the hotel owners resulted in their contribution toward the cost of a larger plant, Mills contributing $900. These contributions, together with a limited bond issue by the town, and its cash payment, was sufficient to pay for the construction of a plant then adequate. It is admitted that Mills, without any contract concerning future maintenance, and upon consideration of the payment of the contribution mentioned, was permitted to connect with the plant and system and so dispose of the sewage from his hotel. This plant, with minor alterations, operated until 1932,

when the state board of health notified the town that it was inadequate and was causing pollution of adjacent streams, whereupon the town reconstructed the plant at a cost of approximately $2,300. Up to this time the cost of operation and maintenance was negligible, but the reconstruction necessitated additional expense of operation amounting approximately to $1,600 a year which has been paid by the town. In October of 1932, and June, 1933, Mills was notified of certain charges levied against him to be applied toward the cost of maintenance. To these notices he did not respond and on October 23, 1933, the town board passed an ordinance providing for a maintenance charge to be assessed against the hotel owners who previously had contributed toward the construction of the plant, including Mills, the charge against him being $53 per year, beginning January 1, 1934, with a like assessment each year thereafter. The ordinance further provided that if the charge was not paid within 30 days after it became due, then the town was authorized to sue the owners for the amount thereof or the town board of trustees could, at its election, disconnect the sewers of any defaulting hotel from the town sewer system and refuse to further carry and dispose of the sewage therefrom. Upon failure of Mills to pay the charge so fixed, this suit was instituted by the town.

The pertinent allegations of the amended complaint are as follows: That Mills' hotel is located outside the corporate limits of the town; that many years prior to 1933, the sewer of the hotel was connected with the sewer system operated by the town; that at the time the hotel sewer was connected with the town system, there was no contract or plan of any kind between plaintiff and Mills for the maintenance of the town sewer system; that the town passed the ordinance which is fully set out and made a part of the complaint; that the ordinance recites that at the time, named sums were contributed by the owners of the hotels, who were permitted to connect said hotels with the sewer system without any contract or

plan for maintenance, and said hotels have been so connected ever since; that the ordinance is now in full force and effect and that demand has been made on Mills for the payment of the annual maintenance charge set forth in the ordinance which he refused to pay and refuses to disconnect his sewer, upon the assertion that he has the right to maintain such connection without payment of maintenance charges therefor; that the charge fixed by the ordinance is a reasonable maintenance charge.

A demurrer to this complaint was filed on the ground of insufficient facts to constitute a cause of action. Upon the overruling of the demurrer, Mills answered in substance as follows: That the town entered into an agreement with him whereby he was permitted to connect the sewer system of his hotel with that of the town for which he paid a valuable consideration, namely, the sum of $900 for such privilege; that at the time of this permission and connection it was agreed between Mills and the town that the interest each year on the sum so advanced would fully reimburse the town for future maintenance of its system; that he fully paid for his share of maintenance charges thereby; that the ordinance passed by the town is void because it has no extra-territorial effect and violates the agreement he alleges was made with the town, regarding future maintenance; that the town has retained the $900 throughout all these years and has made no offer to return same to him; that it is estopped from collecting a maintenance charge from him and from disconnecting his hotel from its sewer system.

The replication of the town was a denial of all new matter contained in the answer and specifically denies that there was such an agreement concerning the maintenance as alleged by Mills and further that if such an agreement purporting to give him a perpetual nonassessable right or privilege to use the town sewer system, such would be contrary to the provisions of article 2, section 11 of the Colorado Constitution and therefore void and no defense to the cause of action herein; that the town

has not made a legal tender of the $900 to Mills but has offered to return the same upon his disconnecting his system from the town system and it is ready and willing to refund the same at the time of such disconnection if and when made.

After hearing the evidence, the court found that there was no valid contract entered into between the town and Mills concerning the use of the town sewer system; that as a matter of law there was no such agreement of any kind and that any such contract would be ultra vires and void as a matter of law; that the payment by Mills was a donation to the building of the sewage plant and at that time it was believed by him and the town officials that there would be no maintenance charges connected therewith; that no cause of action exists in the town to recover the amounts prayed for or any other sum from him as maintenance charges; that if the contract or agreement was void, the town has a right to disconnect the Mills' system from the town system upon tendering to him the $900 paid by him in good faith under the belief there would be no maintenance charge; that as to whether or not the town can legally enter into a contract with defendant for a term of years at a reasonable charge for the use of the sewer is another matter; that it cannot do so in perpetuity, nor any longer than such time as the interests of the inhabitants of the town may require the use of the capacity of the sewer. Judgment was for Mills; that plaintiff cannot have or recover the sum asked for maintenance; that the contract, as claimed, is void; and that no right of action, either express or implied, exists to the parties hereto.

When the question of the right of the town to disconnect or order Mills to disconnect his sewer upon repayment of the money mentioned in the court's findings, was raised, the court further held that it could not decide that question under the prayer of the complaint because it did not think it had jurisdiction to make such an order and therefore made no ruling on that question.

 Considering the pleadings, the findings of the court, and the arguments now presented by counsel, it is difficult to fully understand the position finally taken by counsel for the parties herein, and justify the reasons advanced by the court in its findings upon which it finally entered a judgment that must be affirmed. The town, through an action at law, is attempting to recover that for which it could only recover in an action on contract, either express or implied. It having admitted there was no contract, both in its complaint and by evidence, it apparently has attempted to convert this action into an equitable procedure, or depart from the cause of action attempted to be pleaded in the complaint. Mills plead a contract or agreement in perpetuity to use the town sewer system for all time without charge, but apparently that position is abandoned in this court. The trial court found that an agreement, which did not exist, was ultra vires and void; but that if any such agreement was void, the town has the right to disconnect the Mills' sewer from its system upon tender of the sum of money which he paid in good faith. It cannot be successfully questioned that Mills was permitted to make the sewer connection upon the consideration or contribution paid by him. That it was considered by the town and Mills that he had the right of use, acquired thereunder, without any maintenance charge for a period of about 18 years. He paid nothing during that time and the town demanded nothing. If there was an unused capacity of the town sewer system and disposal plant, at the time of connection of the Mills system with that system, the town could so contract with Mills as to permit him to use that excess capacity and such contract would have validity if limited in time to such a period as the capacity of the sewer system or plant was not otherwise used, or required for use, by the town. In the absence of any contract or agreement—as found by the court—between the parties hereto concerning future use or charge, the legal representatives of Mills cannot now expect to take advantage of, or bind the

town to, a privilege in perpetuity which the town could not grant. The full power of the town would be exercised when it granted a revocable permit, and it cannot deprive the Mills estate of a valuable right acquired by the contribution herein mentioned, until equity has so decreed. The town did not plead a present requirement of all its sewer capacity. A plant deemed to be fully adequate was constructed in part with Mills' money. It still may be adequate for aught the complaint discloses. Because the operation of the plant now is more expensive to the town, does not justify an arbitrary assessment of a charge by it against the estate of Mills, a failure to pay which would give the town a right to disconnect. It therefore follows, that a complaint seeking to collect such an arbitrary charge or in the alternative the issuance of an order to disconnect the hotel sewer system, does not state a cause of action upon which a recovery can be had. So far as the cause herein is concerned, the legality of the connecting of the Mills sewer with that of the town system, is not questioned, nor is it attacked; and the town cannot obtain relief under its complaint by an offer of equity tendered in its replication.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.