A single question is presented to the court by this case: Does the conveyance to the city of the easement with the acceptance thereof by the city, in consideration of the right and privilege of the Board of Trustees of The Ohio State University and The Ohio State University "to use the city sewers on the campus * * * without cost or expense" exempt the university from the payment of sewer rental charges provided for by the ordinance of the city and authorized by Section 3891-1, General Code?
The so-called "sewer rental charge" is a service charge required by ordinance to be paid by the users of the sewerage system, computed on the amount of water furnished the users by the city, to provide funds for the operation, maintenance, repair, enlargement and replacement of the sewerage system, storm stand-by tanks, pumping stations and sewage-treatment works of the city of Columbus. No issue is made as to the fairness of the standard by which the rental charge is determined. Such method was under consideration in the case ofGericke v. City of Philadelphia, 353 Pa. 60, 44 A.2d 233, and there approved and adopted.
It is the contention of the relator, first, that the grant of easement does not exempt the grantor from the payment of future rental charges for the operation of the city's sewerage system, including sewage treatment, and that the parties thereto did not so intend or contemplate for the reason that conditions did not then exist requiring such charges and no provision therefor had then been enacted; and, second, that if the grant be so construed as to exempt the university from sewer rental charges, then, and in that event, the act of the director of public service in signing *Page 434 
the instrument, and even the acceptance of the grant by the city council, is ultra vires, contrary to public policy and, therefore, not binding on the city of Columbus.
The respondents contend that the city of Columbus, at the time the grant of easement was executed, had the power to levy sewer rental charges, even though not then contemplated, and, further, that the language of the grant of easement is clear and unambiguous and exempts the university from the payment of rental charges.
This case does not present a situation where the city is endeavoring to tax property belonging to the state of Ohio, since it is well established that charges for sewer services, or so-called rental charges, are neither taxes nor assessments.Opinion of Justices, 93 N.H. 478, 39 A.2d 765; Veail v. L. J. County Met. Sewer District, 303 Ky. 248,197 S.W.2d 413; Town of Port Orchard v. Kitsap County, 19 Wn.2d 59,141 P.2d 150.
The language of the grant of easement involved herein, if construed as contended by counsel for the respondents, would be so broad and comprehensive as to vest in the university the right to use the city sewer and the benefit of the city's sewerage system without restriction or limitation, and without liability for any future charge or expense of maintenance, renewal or additional facilities required by any change of conditions.
It is to be observed that no boundaries of the campus and no limitation of the demands for sewer service are indicated. The vast increase in the extent of the campus and in the number of buildings erected thereon between 1919 and 1947 is conceded, and a continued increase thereof must be anticipated.
It is well known that for many years most cities of Ohio discharged raw, untreated sewage into rivers, *Page 435 
which resulted in many suits for damages caused by such pollution. Such condition gave rise to the requirement for sewage treatment as an essential health measure.
If the university is completely exempted from any charge therefor and is privileged, without any limitation or restriction, to empty into the city sewers all the sewage from the campus, the boundaries of which are not defined or limited and may be indefinitely extended, such exemption could be held valid only if the city, notwithstanding its duty and obligation to protect the health, safety and welfare of the citizens of Columbus, is authorized to relinquish as to the university property the powers and prerogatives vested in the municipality and to contract away its duty and obligation to require all users of the city sewerage system to pay proportionately the cost and expense of an essential municipal function.
We are not in accord with the view that those temporarily in charge of the affairs of the city, in consideration of the permission granted to construct across the campus a sewer which is to serve the university as well as citizens of Columbus, may make an arrangement unlimited in extent and duration which will have the effect of requiring other owners of property in Columbus, in addition to paying their own fair share of the cost of sewage treatment lawfully charged to them, to pay also the additional cost for the treatment of sewage from the university.
In the construction of a sewerage system, a municipality acts in a governmental capacity and, hence, in accepting the grant of easement subject to the right of the university to use the sewer would be ultra vires, if by such exemption the city bargained away all its duties and obligations with reference to maintenance of such sewer and agreed to forever maintain it for the benefit of the university. It is only in the maintenance *Page 436 
of a sewerage system that the city acts in a ministerial or proprietary function. City of Portsmouth v. Mitchell Mfg. Co.,113 Ohio St. 250, 148 N.E. 846, 43 A. L. R., 961.
If the grant of easement must be given the broad construction contended for by the respondents, the act of the city in entering into such obligation by its acceptance of the grant subject to the conditions imposed was ultra vires.
The rule applicable is clearly and concisely stated in 28 Ohio Jurisprudence, 899, Section 559, as follows:
"Power to contract in particular instances is also expressly conferred by various statutory and constitutional provisions. Such power to contract is, however, subject to certain limitations and restrictions. Thus, it is well established that municipal corporations are without power to make contracts delegating or bargaining away their legislative or governmental powers, or which would disable them from performing their public functions and duties * * *."
Supporting cases are: Ericksen v. City of Sioux Falls (S.D.),14 N.W.2d 89; Town of Estes Park v. Mills, Admx.,100 Colo. 94, 65 P.2d 1086; State, ex rel. Townsend, v. Boardof Park Commrs., 100 Minn. 150, 110 N.W. 1121; Town ofManchester v. Rogers Paper Mfg. Co., 121 Conn. 617,186 A. 623; City of St. Louis v. Meier, 77 Mo., 13; City of Cleveland
v. Edwards, 109 Ohio St. 598, 143 N.E. 181, 37 A. L. R., 1352.
A contrary view, however, is indicated in Thayer-Foss Co. v.City of Woburn, 269 Mass. 186, 168 N.E. 734.
The Manchester case, supra, involved an instrument with provisions similar to those in the instant case. The court held that the agreement did not give the company any exemption from the payment of charges *Page 437 
which thereafter might be made for the purification of sewage and a claim for such charges was sustained.
It is stated in the syllabus in the Edwards case, supra, as follows:
"A municipality, in acquiring real estate for public purposes, is not authorized to pay therefor more than its reasonable value. A covenant perpetually exempting real estate, other than that acquired, from special assessments for all purposes, except certain named purposes, is a covenant running with the land, the reasonable value of which is unascertainable, and therefore affords no criterion whereby the value of the consideration can be weighed against the reasonable value of the real estate acquired, and for that reason is ultra vires."
No case has been cited, and we have discovered none, involving a situation such as disclosed in the instant case wherein it was undertaken to go further than to hold valid an exemption from liability to an assessment for the construction of a sewer. Coit v. City of Grand Rapids, 115 Mich. 493,73 N.W. 811.
The situation presented in the instant case calls for the application of the well established rule that if the language of a contract is susceptible of two constructions, one of which will render it valid and give effect to the obligation of the parties, and the other will render it invalid and ineffectual, that which sustains its validity should be adopted. 9 Ohio Jurisprudence, 420, Section 192; 12 American Jurisprudence, 793, Section 251, and cases there cited.
It is our conclusion that, so far as the agreement in question grants to The Ohio State University the right to connect with and use the sewers of the campus without cost and relieves the university from any assessment for the construction of the sewer, it is valid, but that the city is not thereby obligated to perpetually *Page 438 
treat the sewage emptied into the sewer from the campus of The Ohio State University without cost or expense to the university and at the cost and expense of other users of the sewerage system.
It is to be noted that House Bill 495, as set forth in the supplemental amended petition, no longer requires the members of the controlling board of the state to release the appropriation for expenditures by the university, and, therefore, the members of that board in their official capacities are no longer to be considered respondents or necessary to a decision of this case.
The demurrer to the answer to the supplemental amended petition is sustained and the writ will be issued commanding the other respondents named to take the action necessary for the payment of the sewer rental charges due and owing to the city of Columbus, as prayed for in the amended and supplemental amended petition herein.
Writ allowed.
TURNER, ZIMMERMAN and SOHNGEN, JJ., concur.
STEWART, J., concurs in the syllabus but dissents from the judgment on the ground that mandamus is not the proper remedy.
WEYGANDT, C.J., and HART, J., dissent.