{¶ 12} I respectfully dissent.
 {¶ 13} As a preliminary matter, I would note that MEP failed to file a brief. Accordingly, this Court may accept Lamkin's statement of the facts and issues as correct and reverse the judgment if Lamkin's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 14} I agree with Lamkin's argument that the trial court erred by awarding judgment in favor of MEP for the reason that the contract was void for lack of mutuality of obligation. Specifically, Lamkin asserts that, while the purported contract allows either party to cancel at any time, he is subject to a penalty for doing so, while MEP suffers no recourse in the event of its cancellation. In addition, Lamkin argues that this agreement is illusory as MEP *Page 7 
can avoid performance at any time without penalty, whereas Lamkin is subject to a penalty if he cancels the agreement. I agree.
 {¶ 15} Illusory contracts are not enforceable. Kreller Group, Inc. v.WFS Financial, Inc., 1st Dist. No. C-030236, 2003-Ohio-5393, at ¶ 36. The Kreller court explained, "A party who states, `I promise to render a future performance, if I want to when the time arrives' has made no promise at all." Id. Courts generally attempt to interpret a contract to avoid a result which renders the contract illusory. State v.Stanley, 7th Dist. No. 99-C.A.-55, 2002-Ohio-4372, at ¶ 22, citingState ex rel. Gordon v. Taylor (1948), 149 Ohio St. 427, paragraph two of the syllabus. Nevertheless, a contract is illusory "when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." Century 21 Am. Landmark,Inc. v. McIntyre (1980), 68 Ohio App.2d 126, 129-30. This Court has stated that a contract is illusory and unenforceable where one party's obligations are so vague and indefinite that the other party is left to guess at his obligation. Natl. Wholisticenter v. The George E. WilsonCo., 9th Dist. No. 20928, 2002-Ohio-5039, at ¶ 20.
 {¶ 16} The purported contract obligates Lamkin to pay for the delineated lawn care services, in this case one-half in advance and one-half upon completion. Accordingly, Lamkin must make partial payment for services not even rendered. However, MEP has no obligation under the purported contract, because it may *Page 8 
cancel Lamkin's service "at any time" with no obligation other than it will "waive" any monies "still due" from him. I question how any monies could be "still due" for a service not rendered.
 {¶ 17} In addition, while Lamkin is required to pay one-half of any monies "still due" or paid in advance should he cancel, MEP is free to cancel at will without recourse. So while Lamkin suffers a penalty in the event that he cancels because he finds the same services at a lower cost, MEP has an incentive to replace services to Lamkin with higher priced services to another client. By the very terms of this purported agreement, MEP retains an unfettered and "unlimited right to determine the nature or extent of [its] performance." See McIntyre,68 Ohio App.3d at 129-30. Accordingly, while Lamkin purportedly maintains an obligation notwithstanding his right to cancel at any time, MEP bears no reciprocal obligation. As the contract attempts to imbue MEP with some recourse against Lamkin where Lamkin only exercises his express right to cancellation, the contract is illusory and unenforceable as void of any mutuality of obligation.
 {¶ 18} Finally, in Portfolio Secs. Transactions Corp. v. WellingtonMgt, Co. (Feb. 8, 1979), 8th Dist. No. 38334, the appellate court analyzed the efficacy of a sales agreement which provided that either party may cancel the agreement at any time. The Portfolio court stated: "Under the agreement WMC (or Portfolio) could cancel the agreement at any time. Implicit in this termination clause is the understanding that should either party exercise its termination option, neither has *Page 9 
any future obligation." In this case, implicit in the instant termination clause is the understanding that there could never be a breach by the parties, as neither ever had any obligation to perform. And where neither party ever had any obligation to perform, it is axiomatic that neither party could be subject to any penalty for doing exactly what the termination provision provides, that is, canceling the agreement at any time.
 {¶ 19} Under these circumstances, I would find that the trial court erred by finding mutuality of obligation and by enforcing an invalid contract. Accordingly, I would reverse. *Page 1