[Cite as *7 Med. Sys., L.L.C. v. Open MRI of Steubenville*, 2012-Ohio-3009.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| 7 MEDICAL SYSTEMS, LLC, | ) | |
| | ) | CASE NO.    11 JE 23 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| OPEN MRI OF STEUBENVILLE, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |


CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court,
                                                      Case No. 10CV395.


JUDGMENT:                                    Affirmed.


APPEARANCES:
For Plaintiff-Appellant:                   Attorney Jeffrey Bruzzese
                                                      300 Sinclair Building
                                                      P.O. Box 1506
                                                      Steubenville, Ohio  43952


For Defendant-Appellee:                Attorney Lisa Ferguson
                                                      110 Main Street
                                                      Wintersville, Ohio  43953


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                      Dated:  June 18, 2012

VUKOVICH, J.

{¶1} Plaintiff-appellant 7 Medical Systems, LLC appeals the decision of the Jefferson County Common Pleas Court entering summary judgment for defendant-appellee Open MRI of Steubenville. 7 Medical asserts that the trial court erred in granting summary judgment because the contract was ambiguous. Alternatively, it argues that if the contract was unambiguous, a finding that the contract limits liability for a breach of contract claim to the amount paid by the customer in the last twelve months renders an absurd result and/or amounts to an illusory contract that should not be enforced. We find no merit with 7 Medical's arguments. Therefore, the judgment of the trial court is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} In January 2009, the parties entered into a written contract. 7 Medical was to provide storage and management of records for Open MRI. Open MRI was to pay 7 Medical approximately $3,400 per month for 60 months for the service. In July 2010, 7 Medical filed a complaint for breach of contract against Open MRI asserting that Open MRI breached the contract by failing to pay past and future monthly charges even though 7 Medical performed all conditions precedent. Open MRI answered and filed a counterclaim. It asserted that 7 Medical breached the contract when it failed to satisfy the express condition precedents in the contract and that Open MRI chose to terminate the agreement pursuant to Section 7.2 of the contract.

{¶3} Following some discovery and other filings, Open MRI filed a Motion for Declaratory Judgment. In that motion it asserted that Section 9 of the contract, titled Limitation of Liability, limited each party's liability to the amount of money Open MRI paid to 7 Medical in the preceding twelve month period. As the parties agreed that Open MRI had paid zero dollars in the preceding twelve month period, it was of the opinion that even if there was a breach on its part, 7 Medical was not entitled to any damages.

{¶4} 7 Medical filed a motion in contra. It asserted that a Motion for Declaratory does not exist; it is not prescribed in the civil rules or R.C. Chapter 2721. It stated if the court wished to review the issues, it should proceed as if the motion was a motion for partial summary judgment and use the summary judgment standard. It then proceeded to argue that the language of Section 9 is limited to damages that are indirect, incidental, special, consequential or punitive. It additionally asserted that if the contract is interpreted as Open MRI suggest, it would amount to an illusory

contract, which is unenforceable and courts should not construe contracts in a manner that results in an illusory contract.

{¶5}    The trial court held a hearing on the matter. Following the hearing, the trial court granted summary judgment to Open MRI. It found that given the facts and language of the contract, liability arising out of the agreement could not exceed zero dollars. 08/09/11 J.E. It is from that ruling that 7 Medical appeals.

## FIRST ASSIGNMENT OF ERROR

{¶6}    "DESPITE THAT A 'MOTION FOR DECLARATORY JUDGMENT' IS A JULLITY [SIC] THAT DOES NOT GIVE THE COURT JURISDICTION TO RULE UPON THE DEFENDANT'S ARGUMENT, THE TRIAL COURT ERRONEOUSLY GRANTED THE VOID MOTION FILED BY THE DEFENDANT."

{¶7}    7 Medical is of the position that a Motion for Declaratory Judgment is a nullity, the trial court should not have ruled on it and the trial court should not have ruled on the motion under a summary judgment standard of review.

{¶8}    It is true that a Motion for Declaratory Judgment is not prescribed by the rules or statutes, and as such, does not invoke the jurisdiction of the court. *Galouzis v. Americoat Painting Co.*, 7th Dist. No. 08MA196, 2009-Ohio-204, ¶ 17, citing *Fuller v. German Motor Sales, Inc.*, 51 Ohio App.3d 101, 103, 554 N.E.2d 139 (1st Dist.1998). See also *In re. J.D.F.*, 10th Dist. No. 07AP-922, 2008-Ohio-2793, ¶ 17 (stating a motion for declaratory judgment is a nullity). However, the record shows that the motion was converted to a motion for summary judgment by Open MRI with the permission of the court and acquiescence of 7 Medical:

{¶9}    "MRS. FERGUSON [Counsel for Open MRI]: I wanted to state that I do believe after reviewing his memorandum that I would be in agreement that this should not have been filed as a motion but as a separate action and Mr. Bruzzese [counsel for 7 Medical] has suggested that we convert this to a motion for partial summary judgment and I'd like to ask if it's oaky with the Court to move forward as such.

{¶10}   "THE COURT: Mr. Bruzzese.

{¶11}   "MR. BRUZZESE: Yes, Your Honor. I believe – I brought this up before. I believe that the motion is more appropriately under the summary judgment standard. In my response I have briefed the summary judgment standard and I have attempted to respond in substance to the motion filed as if it were a summary judgment and have no objection to going forward today.

{¶12} "THE COURT: All right. You can do that.

{¶13} "MRS. FERGUSON: Okay. Now, he has set forth the standard for the motion for summary judgment and I just wanted to ask if the Court is satisfied with the information he's provided or if I would need to file an additional memorandum.

{¶14} "THE COURT: Well, you are agreeing that it should proceed as a summary judgment.

{¶15} "MRS. FERGUSON: Yes. So, we can use his.

{¶16} "THE COURT: So, I don't think – yeah. It will not be necessary for you to file a memorandum to that effect then. We can go ahead and proceed as to summary judgment." 07/18/11 Tr. 3-4.

{¶17} Upon the conversion to a summary judgment motion, the trial court's jurisdiction was invoked. 7 Medical agreed to the conversion and to proceed to argue the motion that day. Thus, any potential error in the conversion was invited error. Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited. *State ex rel. Fowler v. Smith*, 68 Ohio St. 3d 357, 359, 626 N.E.2d 950 (1994). Consequently, this assignment of error lack merit.

<u>SECOND ASSIGNMENT OF ERROR</u>

{¶18} "THE TRIAL COURT FOUND THE CONTRACT TO BE AMBIGUOUS, YET ERRRONEOUSLY [SIC] GRANTED THE DEFENDANT'S 'MOTION FOR DECLARATORY JUDGMENT' UNDER SUMMARY JUDGMENT ANALYSIS."

{¶19} Under this assignment, 7 Medical argues that the trial court found the contract to be ambiguous, but still granted summary judgment for Open MRI.

{¶20} It has been explained that when a contract is deemed clear and unambiguous, the determinations of the parties' rights are a legal question and summary judgment is, in most circumstances, appropriate. See *Hoppel v. Feldman*, 7th Dist. No. 09CO34, 2011-Ohio-1183, ¶ 33. However, if the contract is ambiguous, ascertaining the parties' intent constitutes a question of fact. *Id.,* citing *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, LLC*, 138 Ohio App.3d 57, 74, 740 N.E.2d 328 (4th Dist.2000). See also *Hague v. Summit Acres Skilled Nursing & Rehab.*, 7th Dist. No. 09NO364, 2010-Ohio-6404, ¶ 21. While ambiguous contracts are construed against the drafter, that "rule of construction is merely a guiding principle the court uses in determining the parties' intent after viewing the extrinsic evidence presented by the parties." *Cocca Dev. v. Mahoning Cty. Bd. of Commrs.*, 7th Dist. No. 08MA163,

2010-Ohio-3166, ¶ 27, citing *Handel's Ent., Inc. v. Wood,* 7th Dist. Nos. 04MA238, 05MA70, 2005-Ohio-6922, ¶ 104, and quoting *Beverly v. Parilla,* 165 Ohio App.3d 802, 2006-Ohio-1286, ¶ 30. Therefore, when a contract is deemed ambiguous, typically summary judgment should not be granted.

{¶21} In its judgment entry, the trial court stated that the contract was drafted by 7 Medical, and therefore, any ambiguities were to be construed most strongly against 7 Medical. However, despite 7 Medical's insistence, the trial court did not find the contract to be ambiguous. Rather, it stated:

{¶22} "Therefore, the Court finds that the liability arising out of the instant agreement cannot exceed zero dollars, as per the terms of the limitation of liability paragraph of the contract between the parties. Thus, the Plaintiff [7 Medical] has limited the liability of the Defendant, by virtue of the contract prepared by the Plaintiff, to zero dollars in this matter, as to a breach of the terms of the written contract." 08/09/11 J.E.

{¶23} Consequently, given the trial court's finding, the argument made under this assignment of error misstates the facts and is meritless.

### THIRD ASSIGNMENT OF ERROR

{¶24} "THE TRIAL COURT ERRONEOUSLY CONSTRUED THE CONTRACT IN CONTRAVENTION OF WELL-SETTLED RULES OF CONSTRUCTION."

{¶25} Our attention now turns to whether the trial court's grant of summary judgment was correct.

{¶26} In reviewing a summary judgment award, we apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we apply the same test as the trial court. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

{¶27} The construction of contracts is a matter of law. *Cent. Funding, Inc. v. CompuServe Interactive Servs., Inc.,* 10th Dist. No. 02AP–972, 2003-Ohio-5037, ¶ 42, citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus. When construing a contract, a court's principle

objective is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.,* 86 Ohio St.3d 270, 273, 714 N.E.2d 898 (1999). "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus. Thus, where the terms of a contract are clear and unambiguous, a court cannot look beyond the plain language of the agreement to determine the rights and obligations of the parties. *Cocca Dev.*, 7th Dist. No. 08MA163, 2010-Ohio-3166, at ¶ 26, citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989). However, if a contract is reasonably susceptible to more than one meaning, then it is ambiguous and extrinsic evidence of reasonableness or intent can be employed. *Id.*, citing *City of Steubenville v. Jefferson Cty.,* 7th Dist. No. 07JE51, 2008-Ohio-5053, ¶ 22.

{¶28}    As previously stated, the trial court found that the contract was clear and unambiguous. Thus, we begin our analysis by examining the language of the contract to determine whether it is susceptible to more than one reasonable interpretation, i.e. whether it is ambiguous.

{¶29}    The parties' arguments center on Section 9 of the contract. This Section states:

{¶30}    "**LIMITATION OF LIABILITY.** NEITHER PARTY SHALL BE LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL, OR PUNITIVE DAMAGES, HOWEVER ARISING, EVEN IF THE PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. IN NO CASE SHALL THE AGGREGATE OF THE PARTY'S TOTAL LIABILITY ARISING OUT OF THIS AGREEMENT, WHETHER IN CONTRACT, TORT OR OTHERWISE EXCEED IN THE AGGREGATE OF ALL AMOUNTS OF SERVICE FEES AND OTHER CHARGES ACTUALLY PAID BY CUSTOMER TO 7 MEDICAL IN THE PREVIOUS TWELVE MONTH PERIOD. NOTWITHSTANDING THE FOREGOING, (A) EACH PARTY'S LIABILITY FOR BREACH OF SECTION 10 OF THIS AGREEMENT, BREACH OF ATTACHMENT B TO THIS AGREEMENT AND FOR INDEMNIFICATION UNDER SECTION 6(D) SHALL BE LIMITED TO THE AMOUNT OF 7 MEDICAL'S INSURANCE COVERAGE REQUIRED UNDER SECTION 6(F), AND (B) EACH PARTY'S LIABILITY FOR THAT PARTY'S NEGLIGENT OR WILLFUL ACTS OR OMISSIONS IN PERFORMING

UNDER OR RELATING TO THIS AGREEMENT SHALL NOT EXCEED THE GREATER OF (I) THE AGGREGATE OF ALL AMOUNTS OF SERVICE FEES AND OTHER CHARGES ACTUALLY PAID BY CUSTOMER TO 7 MEDICAL IN THE PREVIOUS TWELVE MONTH PERIOD, OR (II) THE AMOUNT OF 7 MEDICAL'S INSURANCE COVERAGE REQUIRED UNDER SECTION 6(F)."

{¶31} 7 Medical asserts that the contract is ambiguous and thus, extrinsic evidence is needed to determine the parties' intent. 7 Medical further asserts that the rule of construction ejusdem generis applies to resolve the ambiguity. This rule of construction provides that "when a general word or phrase follows a list of specific, the general word or phrase will be interpreted to include only items of the same type of those listed." Black's Law Dictionary 556 (8th Ed.2004). Therefore, 7 Medical's argument is that since the first sentence of Section 9 discusses liability for indirect, incidental, special, consequential or punitive damages, when the following sentences use the words "liability" and "damages" it is only referring to liability for those types of damages. It explains that liability from those types of damages flow from a HIPAA violation and thus, the intent was for Section 9 to only apply to HIPAA liability/violations. Thus, 7 Medical is asserting that Section 9 does not apply to this situation; it does not limit the liability for a breach of the contract with respect to the monthly payments Open MRI is required to make to 7 Medical for the services provided.

{¶32} We disagree with 7 Medical's arguments. The Limitation of Liability Section is not ambiguous. It is not susceptible to the interpretation that the section, as a whole, only relates to damages that are indirect, incidental, special, consequential or punitive, i.e. to damages that flow from a HIPAA violation. Examining Section 9, the first noticeable aspect of it is the title, "Limitation of Liability." The general nature of this title suggests that it refers to all liability, not just liability that flows from HIPAA violations.

{¶33} Furthermore, the text of this section also appears to show limitation of liability for different distinct causes of action, which would include a breach of contract claim as the one asserted in this case. The first sentence clearly states that neither party is liable for any indirect, incidental, special, consequential or punitive damages. The next sentence then provides that either party's total liability, arising out of **contract, tort or otherwise**, cannot exceed the amount paid by Open MRI for service

fees and other charges in the previous twelve month period. The third sentence can be divided into two parts. The first part states that notwithstanding the above, each party's liability for a breach of Section 10 (the confidentiality Section), attachment B (the Protected Health Information (PHI) Addendum stating compliance with HIPAA) and indemnification under Section 6(d) is limited to 7 Medical's insurance coverage that is required under Section 6(f) of the contract. The second part of that sentence deals with each party's liability for negligent or willful acts or omissions in performing under or relating to the contract. It provides that damages cannot "exceed the greater of" 1) the aggregate amount that Open MRI has paid in service fees and other charges in the past twelve months or 2) the amount of 7 Medical's insurance coverage under Section 6(f) of the contract. Thus, each sentence is dealing with separate and distinct situations and liability for those types of causes of action.

{¶34} Lastly, if Section 9 was only to refer to liability for indirect, incidental, special, consequential or punitive damages, then there would no reason to have the second or third sentences in that section since the first sentence clearly states there is no liability for those types of damages.

{¶35} Therefore, given the language of the Section 9 we agree with the trial court that the plain language of the contract limits damages for a breach of contract, even when the breach is from failing to pay for services, to the amount of money Open MRI paid during the past twelve months. The contract is not ambiguous and extrinsic evidence is not needed to determine the intent of the parties.

{¶36} Having come to that determination, we acknowledge that one rule of construction in interpreting contracts is that, "courts will give common words in a written instrument their plain and ordinary meaning, unless an absurd result would follow or there is clear evidence of another meaning from the face or overall contents of the instrument." *Cooper Tire & Rubber Co. v. Warner Mechanical Corp.,* 3d Dist. No. 5-06-39, 2007-Ohio-1357, ¶ 10, citing *Alexander*, 53 Ohio St.2d 241, 374 N.E.2d 146, paragraph two of the syllabus. Thus, we must determine if giving the plain and ordinary meaning of the contract renders an absurd result.

{¶37} Admittedly, this limitation of liability provision is poorly drafted. However, it does not result in an absurd result. The provision is akin to a statute of limitations; it limits both parties liability to the amount of money paid in the previous twelve months and as such encourages the parties to pursue their damages immediately upon the

occurrence of the injury. The record shows that Open MRI had paid some money to 7 Medical, but those payments did not occur within the past twelve months. The problem is that 7 Medical did not pursue its action soon enough to be entitled to damages by the limitation of liability provision. Thus, the provision does not lead to an absurd result; rather 7 Medical's action in not pursuing damages within twelve months of receiving payment is what leads to an absurd result. Had it pursued its cause of action in a timely manner, the result would not have been absurd.

{¶38} Next, 7 Medical alternatively argues that if we find that the contract is not susceptible to another reasonable interpretation and that the result of the plain language of the contract does not render an absurd result, then the contract interpreted in the manner that was done by the trial court results in an illusory contract. According to it, since illusory contracts are not favored, the terms of the contract should not be read to create an illusory contract. Rather, the terms of the contract should be read to avoid the creation of an illusory contract.

{¶39} An example of an illusory contract that is often given by courts is "I promise to render a future performance, if I want to, when the time arrives." *Kreller Group, Inc. v. WFS Financial, Inc.,* 155 Ohio App.3d 14, 2003-Ohio-5393, 798 N.E.2d 1179, ¶ 36 (1st Dist.). A party who makes such a promise has really made no promise at all. Id. A contract is illusory "when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." *Century 21 Am. Landmark, Inc. v. McIntyre*, 68 Ohio App.2d 126, 129-30, 427 N.E.2d 534 (1st Dist.1980). A contract is illusory and unenforceable where one party's obligations are so vague and indefinite that the other party is left to guess at his obligation. *Natl. Wholisticenter v. The George E. Wilson Co.,* 9th Dist. No. 20928, 2002-Ohio-5039, ¶ 20. One affirmance of a finding that a contract was an illusory contract dealt with stock option and the contract did not indicate when the option would be awarded or how much, rather it stated a "significant" amount "in the near future." *Imbrogno v. Mimrx.com, Inc.*, 10th Dist. No. 03AP-345, 2003-Ohio-8108, ¶ 9.

{¶40} Given the nature of an illusory contract, it typically is not enforceable. *Kreller.* Therefore, "courts generally attempt to interpret a contract to avoid a result which renders the contract illusory." *State v. Stanley,* 7th Dist. No. 99CA55, 2002-

Ohio-4372, at ¶ 22, citing *State ex rel. Gordon v. Taylor*, 149 Ohio St. 427, 79 N.E.2d 127 (1948), paragraph two of the syllabus.

{¶41} The limitation of liability provision provides that for a breach of contract, the liability of either party is limited to the amount the customer paid during the past twelve months. If Open MRI had sued 7 Medical for not performing as required under the contract, it would only be entitled to the amount it paid during the past twelve months. Thus, the provision is not clearly one sided and does not provide benefit to only one party to dictate the nature and extent of that party's performance. Likewise, the party's obligations are not vague and indefinite; the contract was for sixty months, 7 Medical was to provide storage of MRI images and Open MRI was to pay for that service. If Open MRI did not pay one month, knowing the terms of the limitation of liability provision, 7 Medical's option is to sue immediately to get what was entitled to them. Delay in doing so would result in a lesser amount of damages. Thus, the contract is not illusory.

{¶42} Lastly, in the reply brief, 7 Medical asserts that if we reach the conclusion that the plain language of the contract limits liability to the amount paid by Open MRI in the preceding twelve months and that result is not absurd, then we should find that the Schedule A Service Description and Fees attachment and Section 9 are in conflict with each other. According to 7 Medical, if there is a conflict Schedule A provides that it governs. Therefore, 7 Medical is asserting that Schedule A overrides Section 9's limitation of liability.

{¶43} This argument is without merit. Schedule A does provide the cost of monthly service charges and the cost of installation. It also states that if there is a conflict between the terms of it and the contract, the Schedule governs. However, when Schedule A is read as a whole, it does not clearly conflict with the limitation of liability provision. The Schedule provides how much is owed on the contract each month and what happens if prices change, but it does not state anything about what the damages would be for a breach of failing to pay the monthly service charges. Section 9, the limitation of liability section, provides what the damages are for a breach of contract. Even though a contract provides the amount of service fees for the month, that does not mean that there cannot be a limitation of liability for a breach of paying those service fees. Thus, there is no basis to find a conflict and to find that the limitation of liability provision does not apply to a breach of contract.

{¶44}   In conclusion, for all the above reasons, this assignment of error lacks merit.  The plain language of the contract limits liability for the breach of contract cause asserted in this case to the amount of payments made within the previous twelve months.  The contract does not lead to an absurd result and it is not an illusory contract.

{¶45}   For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, P.J., concurs.