## FISHER *v.* CITY OF NEW ORLEANS.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 43.   Argued November 9, 10, 1910.—Decided November 28, 1910.

The jurisdiction of this court, under the contract clause of the Federal Constitution, extends to doing away with the interference of a later law impairing the contract,—but not to remedying erroneous construction of the original contract or to seeing that it is carried out according to the interpretation of this court, apart from it.

There is nothing in this case that takes it out of the general rule above stated.

Whether or not delay constitutes laches is for the state court to decide.

Writ of error to review 121 Louisiana, 762, dismissed.

THE facts, which involve the constitutionality, under the contract clause, of certain provisions of the Louisiana constitution of 1898, are stated in the opinion.

*Mr. Charles Louque* for plaintiffs in error.

*Mr. St. Clair Adams*, with whom *Mr. I. D. Moore* was on the brief, for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for mandamus to direct the levy of a special tax of one and one-half mills to pay claims and judgments against the New Orleans School Board, based on contracts made by the Board with teachers and others during the years 1874, 1875 and 1876 under the Louisiana Act 36 of 1873. The ground of the petition is that under that act the contracts were authorized and were payable out of a special tax, unlimited in amount; that an attempt to limit taxation in Article 232 of the state constitution of 1898 is void as to them, because it impairs their obligation contrary to Article I, § 10, of the Constitution of the United States; *Hubert v. New Orleans*, 215 U. S. 170, 175–178; and that a sufficient amount has not been levied for the years mentioned. The Supreme Court denied the mandamus, 121 Louisiana, 762, and this writ of error was brought.

The plaintiffs in error are met at the outset by a denial of the jurisdiction of this court. The main grounds upon which the Supreme Court of the State decided the case were that the relators had been guilty of laches and that the act of 1873 did not authorize contracts to be made by the School Board in such wise as to bind the city to levy the tax. The court did not purport to rely upon the constitution of 1898, or any subsequent legislation, for the result. It did not purport to enforce any later

law;. it simply denied the existence of the right alleged.
Therefore on the face of the decision there is no warrant
for coming here. But it is said that this court is not lim-
ited to the mere language of the opinion but will consider
the substance and effect of the judgment; *McCullough
v. Virginia*, 172 U. S. 102, 116, 117; *Hubert v. New Orleans*,
215 U. S. 170, 175; and that this court will decide for
itself, with due respect for the state decision, whether
a contract had been made and what it was. *Sullivan v.
Texas*, 207 U. S. 416, 423. Both of these statements are
true, of course, and are relevant when the judgment really
gives effect to a later act of the State that would impair
the obligation of the contract if the contract were as al-
leged. But the mere allegation of a later constitution
or statute impairing the obligation of the contract gives
no jurisdiction to this court to see that the contract is
enforced according to its tenor, irrespective of the sup-
posed interference of the later law. The jurisdiction ex-
tends to doing away with such an interference, but not
to remedying an erroneous construction of contracts or
to seeing that they are carried out according to the in-
terpretation of this court, apart from it. *Bacon v. Texas*,
163 U. S. 207, 218, 219. *New Orleans Water Works Co. v.
Louisiana*, 185 U. S. 336, 350, 351, 352; *Weber v. Rogan*,
188 U. S. 10, 14; *Central Land Co. v. Laidley*, 159 U. S.
103, 110, 111. Therefore the present writ of error must
be dismissed unless there is more in the case than the
opinion has disclosed.

We discover nothing. If it was true that there was
no contract binding the city to levy an extra tax, or that
the parties demanding it had lost any rights they might.
have had by laches, there was no occasion to invoke or
enforce any law later than the act of 1873. Obviously,
however much we consider the substance of the judgment,
it discloses no question of rights under the Constitution
any more than does the opinion of the state court. Un-

less the reasons put forward for the decision were but a cover for an unavowed enforcement of the constitution of 1898, which of course there is no ground to suggest, the jurisdiction of this court fails. As a work of supererogation we will indicate in a summary way some of the reasons for denying the power of the Board of School Directors to bind the city to levy the tax upon the facts, simply to show how remote from matter of Federal jurisdiction the decision was.

By § 2 of the Act of 1873 the Board of Directors are to adopt an estimate of debt and expenditures for the current year, and thereafter, in October of each year, to adopt and communicate to the City Council an estimate for the year beginning on the next January 1. By § 4 "the Council, after receiving the estimate . . . shall proceed to make provision for the support of public schools. . . . For the purpose of such support it shall levy a tax of not less than one-fourth of one per cent," etc. Then, by § 10, "the Board of Directors of the Public Schools shall not be empowered to make contracts or debts for the year 1873, or any subsequent year, greater than the amount of the revenue provided for according to this act, or other school laws existing, it being the intent hereof that parties contracting with said Board shall take heed that due revenue shall have been provided to satisfy the claims, otherwise they shall lose and forfeit the same." It will be observed that the City Council is not required by § 4 to make provision for the amount of the estimate received by it, but for the support of the Public Schools, and that the minimum limit set to its action implies that beyond that point it has power of control. The subsequent provisions of § 10 hardly are reconcilable with any other view.

In this state of the law the City Council levied the minimum tax of one-fourth of one per cent, and no more, for the years 1874, 1875 and 1876. But the levy was less

than the estimates of the School Board, and the contention was that the City Council was bound to levy for the full amount of the latter, and that the plaintiffs in error are entitled to demand a levy for the difference between the two now. The contrary decision was natural enough on the face of the act of 1873, and is corroborated by the consideration of other statutes before and after 1873, to which we think it unnecessary to refer. It also is said that a part of the tax levied was not collected. But that was not a ground stated in the petition, and is not a matter with which we have any concern. We do not go into the matter of laches beyond noting that this petition was not filed until 1907. Whether the long delay was sufficiently explained or not was for the state court to decide.

*Writ of error dismissed.*