[Cite as *County Risk Sharing Auth., Inc. v. State*, 2022-Ohio-4043.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| COUNTY RISK SHARING AUTHORITY, INC., | CASE NO. 2022-G-0013 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| THE STATE OF OHIO, OFFICE OF THE ATTORNEY GENERAL, et al., | Trial Court No. 2020 P 000044 |
| Defendants-Appellants. | |

## **O P I N I O N**

Decided: November 14, 2022
Judgment: Reversed and remanded

*George V. Pilat*, Mazanec, Raskin & Ryder Co., LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Plaintiff-Appellee).

*Jack Morrison, Jr.,* and *Nathan P. Woodward*, Amer Cunningham Co., LPA, One Cascade Plaza, Suite 1510, Akron, OH 44308 (For Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1} The familiar philosophical conundrum of what would happen if an unstoppable force met an immovable object might aptly describe the conflict of the case before us. Appellant, the State of Ohio, appeals the Judgment of the Geauga County Court of Common Pleas granting Summary Judgment in favor of Appellee, the County Risk Sharing Authority, Inc. (CORSA). The parties have stipulated to all relevant facts and the effect of those stipulations has created an unstoppable force and an immovable

object. On the one hand, the parties stipulate that R.C. 940.07 unequivocally imposes a duty on the State to indemnify the Geauga Soil and Water Conservation District (District) – our unstoppable force. On the other hand, the parties have also stipulated that a valid insurance Coverage Agreement imposes a clear duty to indemnify the District on CORSA – our immovable object. Our resolution of this seeming quandary relies on a close reading of the relevant statute, Constitutional considerations, and acknowledgement that we are to presume that parties to a contract actually intend to bind themselves to mutual obligations.

{¶2} For the reasons stated below, we reverse the Judgment of the lower court and remand for further proceedings as outlined in this opinion.

**Substantive and Procedural History**

{¶3} On September 10, 2018, Gail Prunty was involved in an automobile accident during the course and scope of her employment with the District. The accident caused the death of a minor child and severe injuries to three others. Two separate lawsuits were filed against the District alleging that Prunty negligently caused the accident. The District put CORSA on notice of the lawsuits and CORSA filed answers on behalf of the District. Then, on behalf of the District, CORSA notified the Soil and Water Commission of the State of Ohio of the lawsuits.

{¶4} On January 15, 2020, CORSA filed a complaint for declaratory judgment against the State of Ohio, the District, the Board of Supervisors of the Geauga Soil and Water Conservation District (Board), and Prunty. CORSA sought a declaratory judgment that under R.C. 940.07, the State was solely responsible to defend and indemnify the District, Board, and Prunty in two lawsuits filed against these entities regarding the

2

automobile accident caused by Prunty. This accident occurred while Prunty was in the employ of the District.

{¶5} The State filed a Motion for a More Definite Statement under Civ.R. 12(E) in which it challenged CORSA's standing and for failure to state a claim under Civ.R. 12(B)(6) against the District and the Board. The trial court denied this motion and the State filed its Answer and Counterclaim against CORSA, seeking a declaratory judgment that CORSA was obligated to defend and indemnify the District, the Board, and Prunty up to the $6,000,000 coverage limits provided in CORSA's Coverage Agreement. CORSA replied to the State's counterclaim and the State filed a second Motion for a More Definite Statement, which the trial court also denied.

{¶6} By agreement of the parties, discovery was held in abeyance pending stipulations. The Stipulations of Fact resolved all pertinent questions of material fact in this matter. The 68 Joint Stipulations of Fact included the following:

> 2. The Geauga County Soil and Water Conservation District ("District") is a political subdivision of the State of Ohio under the authority of O.R.C. § 940.03 * * *.
>
> * * *
>
> 6. Geauga County, Ohio is a member of CORSA under a written Coverage Agreement and Memorandum of Coverage under which CORSA provides certain protections, including automobile liability * * *.
>
> 7. The coverage Agreement and Memorandum of Coverage issued by CORSA to Geauga County provide certain automobile liability coverage to the District subject to all terms, conditions, and exclusions contained therein.
>
> * * *
>
> 12. At the time of the subject accident, the District was a Covered Party as that term is defined in the Coverage Agreement.

3

* * *

14. Each Member of CORSA must submit an application or annual renewal application disclosing information about the Member which CORSA's third-party actuary utilizes in evaluating risk and recommending an amount to include in the Membership Contribution that each Member will pay each year.

15. In October 2017, CORSA requested that Geauga County submit a renewal application and other information that would allow CORSA to process an evaluation of the risk presented by covering Geauga County * * * including the District, for the 2018 program year.

16. Part of the information Geauga County provided to CORSA concerned vehicles owned or used by the District * * *."

* * *

49. All conditions precedent to a defense and indemnity [of the subject tort claims,] * * * for the District, the Board, and Prunty have been satisfied under the terms of the Coverage Agreement.

50. Based solely on the language of the Coverage Agreement and subject to all terms, conditions, limitations, and exclusions contained therein, CORSA would owe a defense and indemnity to the District, for liability arising from the matters alleged [in the subject tort claims] * * *.

* * *

65. Based Solely on the language of O.R.C. § 940.07, the State of Ohio would be responsible to [defend and] indemnify the District [the Board, and Prunty] in the amount of any judgment or settlement [in the subject tort claims] * * * to the extent required by O.R.C. §940.07(D).

{¶7}    After the parties filed Joint Stipulations of Fact, the State filed a modified discovery request on the issue of the terms, conditions, and limitations of CORSA's Coverage Agreement. CORSA's response was not satisfactory to the State and the State filed a motion to compel relative to its modified discovery request, which the trial court denied.

4

Case No. 2022-G-0013

**{¶8}** The trial court's denial of the motion to compel was without prejudice. In its entry, the court said:

> While it is probably true Defendants' discovery inquiries are relevant to the counterclaims on the non-State Defendants, such discovery does not seem relevant, or to possibly lead to the discovery of relevant information, as to the allegations of the Complaint regarding the extent of the State's duty to indemnify the non-State Defendants * * *. Since resolution of this issue through dispositive motions may render the counterclaims * * * unnecessary or somehow change them, the Court is disposed to deny the Motion to Compel, without prejudice, so as to not delay possible summary resolution of this critical issue. The Discovery deadlines will be extended to permit such discovery in the future should it become necessary to do so, and, if Defendants are again dissatisfied with Plaintiff's responses at that time, another Motion to Compel will be reviewed again.

**{¶9}** Both the State and CORSA filed timely Motions for Summary Judgment. Both parties filed their oppositions on May 13, 2021. Seven days later, on May 20, 2021, the court issued its judgment entry granting CORSA's Summary Judgment Motion at 10:18 AM. At 3:56 PM on the same day, the State timely filed a Reply to CORSA's Brief in Opposition to the State's Summary Judgment Motion. The State appealed the trial court's decision to grant summary judgment. We reversed and remanded in *Cnty. Risk Sharing Auth., Inc. v. State*, 11th Dist. Geauga No. 2021-G-0014, 2022-Ohio-164 based on the trial court's issuance of its judgment entry prematurely without consideration of the State's reply brief and for the trial court to issue a meaningful summary judgment entry.

**{¶10}** On remand, the trial court again granted summary judgment in favor of CORSA. In its entry, the court concluded that R.C. 940.07 "imposes a duty upon the State to defend and indemnify this Soil and Water Conservation district regardless of the existence of the CORSA insurance policy." The court said that R.C. 940.07(D)(1) was

5

unambiguous in that it "does not contain any language justifying the State's position in this lawsuit." The court further found that CORSA's insurance contract insured

> *all* the vehicle of Geauga County and its various agencies, boards, commissions, or districts, not just the Soil and Water Conservation District. And it is the latter district alone which enjoys the state indemnification framework of ORC 940.07. Thus, the insurance agreement is not illusory, even if there is an exception to its application in this instance caused by ORC 940.07. Ultimately, even if inclusion of this particular District within the CORSA coverage might be characterized as unnecessary due to this particular statute, that conclusion cannot justify ignoring the clear language of this statute which imposes a mandatory indemnification duty on the State to the District, the Board, and its employees.

{¶11} The State timely appealed this decision raising three Assignments of Error.

**Assignments of Error and Analysis**

{¶12} The State's First Assignment of Error provides:

{¶13} "[1.] The trial court erred in granting the plaintiff-appellee's motion for summary judgment and denying the defendants-appellants' motion for summary judgment."

{¶14} We review de novo a trial court's order granting summary judgment. *Hapgood v. Conrad,* 11th Dist. Trumbull No. 2000–T–0058, 2002–Ohio–3363, ¶ 13, citing *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 715 N.E.2d 1179 (7th Dist.1998). "We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C)." *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, 101 N.E.3d 484 (11th Dist.), ¶ 6, citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶15} Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as

6

Case No. 2022-G-0013

a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and it is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

{¶16} Subject to conditions and circumstances not pertinent here, R.C. 940.07 sets forth the State's duty to defend and indemnify soil and water conservation districts in tort actions as follows:

(B) Except as provided in divisions (C) and (D) of this section, the provisions of Chapter 2744. of the Revised Code apply to soil and water conservation districts as political subdivisions of the state and to their boards of supervisors and other officers, employees, and agents as employees of political subdivisions of the state.

{¶17} Division (C)(1)-(2) provide that if a written request for legal representation is submitted to the attorney general by the Ohio soil and water conservation commission, the attorney general must defend a soil and water conservation district and employees of the district in any tort action commenced against the district or the employee.

{¶18} Division(C)(3) provides that:

If a request for legal representation is submitted to the attorney general pursuant to division (C)(2) of this section, divisions (A) and (D) of section 2744.07 of the Revised Code do not apply to the soil and water conservation district and the defense of its supervisor or other officer, employee, or agent.

7

Case No. 2022-G-0013

**{¶19}** Division (D)(1)-(3) provide that the State shall indemnify and hold harmless soil and water conservation districts in the amount of any judgment or settlement in a tort action. The State is responsible to indemnify soil and water conservation district employees in an amount up to one million dollars per occurrence regardless of the number of persons who suffer injury, death, or loss as a result of the employee's action.

**{¶20}** Division (D)(4) provides that

> """(4) Division (B) of section 2744.07 of the Revised Code does not apply to a soil and water conservation district, or to any of its supervisors or other officers, employees, or agents, to the extent that division (D) of this section requires the state to indemnify and hold harmless a supervisor or other officer, employee, or agent of that district.

**{¶21}** Analysis of R.C. 940.07 is a matter of first impression. R.C. 940.07 became effective January 1, 2016, and non-substantive amendments became effective in 2018 and 2021. Geauga County submitted a coverage renewal application in October 2017 and the relevant coverage period in this case was for the "2018 program year." In this case, the parties have stipulated that based on CORSA's Coverage Agreement alone, and subject to the terms, conditions, and exclusions of the policy, CORSA would owe a defense and indemnity to the District for the underlying lawsuits. On the other hand, the parties have also stipulated that based solely on the language of R.C. 940.07, the State would be responsible to defend and indemnify the District for the underlying lawsuits.

**{¶22}** CORSA argues that R.C. 940.07 means that the State "has the sole duty to defend indemnify and hold harmless the district and the employees. Any obligation that might ordinarily fall to a political subdivision under Chapter 2744 is expressly superseded by O.R.C. § 940.07 and placed on The State." In reference to Division (C), CORSA

8

argues: that the language of R.C. 940.07(C)(1) makes the attorney general responsible to defend soil and water conservation districts; and that R.C. 940.07(C)(2) and (3) "overrides the general duties and responsibilities in O.R.C. § 2744.07 and specifically puts the duty to defend the employee on the State of Ohio attorney general."

{¶23} In reference to Division (D), CORSA argues: that R.C. 940.07(D)(1) requires the State to provide unlimited indemnity for any judgment rendered in a tort action pursuant to R.C. Chapter 2744; that R.C. 940.07(D)(2) requires the State to indemnify employees of soil and water conservation districts up to one million dollars per occurrence; and that R.C. 940.07(D)(4) "states R.C. 2744.07(B) requiring a political subdivision to indemnify employees does not apply to soil and water conservation districts and specifically places that burden on the State."

{¶24} The State fully agrees that it owes a duty of defense and indemnification under R.C. 940.07. However, the State disagrees that Chapter 940 eliminates CORSA's contractual obligations to indemnify the District in favor of exclusive State indemnification. The State argues that CORSA acknowledges its contractual obligations, but seeks to avoid those obligations by interpreting R.C. 940.07 to require the State to be the sole indemnifier of the District and that CORSA is precluded by statute from doing so. The State disagrees that it is the "sole" indemnifier of soil and water conservation districts and claims that CORSA has incorrectly inserted the word "sole" into its analysis of R.C. 940.07 to reach its desired interpretation.

{¶25} Like CORSA, the State focuses its analysis on R.C. 940.07(B) which provides that R.C. Chapter 2744 applies to soil and water conservation districts, "except as provided in divisions (C) and (D) of this section." However, the State argues for a

9

narrower view of the applicability of Divisions (C) and (D). The State notes that R.C. 940.07(C)(3) and (D)(4) "specifically identify those limited provisions of Chapter 2744 that do not apply.". Both of those provisions make an exception for the default political subdivision defense and indemnification of soil and water conservation employees. By operation of Divisions (C) and (D), the State, and not the political subdivision, is responsible to defend and indemnify soil and water conservation district employees.

{¶26} The State asserts that in all other respects, R.C. Chapter 2744 continues to apply to soil and water conservation districts. In particular, the State notes R.C. 940.07(C) or (D) do not specifically "negate void, or render inapplicable other provisions of Chapter 2744, including R.C. 2744.08 and R.C. 2744.081, which specifically allow political subdivisions to insure against the risk of liability to themselves or their employees and to join risk pools such as CORSA."

{¶27} R.C. 2744.08(A)(1) provides in pertinent part that:

A political subdivision may use public funds to secure insurance with respect to its 'and its employees' potential liability in damages in civil actions for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function. The insurance may be at the limits, for the circumstances, and subject to the terms and conditions, that are determined by the political subdivision in its discretion.

{¶28} R.C. 2744.081(A) provides in pertinent part that:

the political subdivision may, pursuant to a written agreement and to the extent that it considers necessary, join with other political subdivisions in establishing and maintaining a joint self-insurance pool to provide for the payment of judgments, settlement of claims, expense, loss, and damage that arises, or is claimed to have arisen, from an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function and to indemnify or hold harmless the subdivision's employees against such loss or damage.

10

Case No. 2022-G-0013

**{¶29}** To discern the meaning of legislative enactments, "we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage." *Gabbard v. Madison Local School Dist. Bd. of Education*, 165 Ohio St.3d 390, 2021-Ohio-2067, 179 N.E.3d 1169, ¶ 13, citing *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. The words that the General Assembly has chosen are given full effect, neither adding nor deleting from the statutory language. *Id.*, citing *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 19. "When the statutory language is unambiguous, we apply it as written without resorting to rules of statutory interpretation or considerations of public policy." *Id.*, citing *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 23-24, 26. "In other words, our review 'starts and stops' with the unambiguous statutory language." *Id.*, citing *Johnson v. Montgomery*, 151 Ohio St.3d 75, 2017-Ohio-7445, 86 N.E.3d 279, ¶ 15.

**{¶30}** The relevant facts of this case are not in question, nor is there a question that, read alone, R.C. 940.07 imposes a duty to defend and indemnify the District on the State while, read alone, CORSA's coverage agreement would impose a duty to defend and indemnify on CORSA. The only question that this court must resolve is whether, as a matter of law, R.C. 940.07 requires the State to indemnify the District to the exclusion of otherwise valid insurance coverage.

**{¶31}** In this case, the plain language of the R.C. 940.07 guides our conclusion. Simply put, R.C. 940.07(C) and (D) do not "otherwise provide" that R.C. 2744.08 and R.C. 2744.081 do not apply to soil and water conservation districts. R.C. 2744.08 and R.C.

11

2744.081 allow political subdivisions to obtain insurance or to join risk pools such as CORSA. A plain reading of R.C. 940.07 would indicate that soil and water conservation districts may secure insurance for liability caused by the district or its employees because Divisions (C) and (D) do not "otherwise provide."

{¶32} The effect of R.C. 940.07(C)(3) is to remove from Ohio counties the duty to defend a soil and water district against tort claims and imposes that duty on the State. The effect of R.C. 940.07(D)(4) is to remove from Ohio counties the duty to indemnify and hold harmless a soil and water district for liability or settlement of tort claims and impose that duty on the State. What neither does is remove an insurer's contractual duty to defend a soil and water district against, and indemnify it for liability or settlement, of a tort claim.

{¶33} Division (C) and (D) do "otherwise provide" that R.C. 2744.07(A), (B) and (D) do not apply. Under R.C. 2744.07(A), subject to exclusions, a political subdivision "shall provide for the defense of an employee" in civil proceedings alleging injury or loss caused by the act or omission of the employee. Under division (B), subject to exclusions, political subdivisions shall indemnify and hold harmless an employee of the political subdivision for loss or damage caused by the act or omission of the employee. Division (D) provides for a hearing if a political subdivision refuses to provide an employee with a defense in a civil action as described in division (A). Because the General Assembly so specifically excluded those provisions of R.C. 2744.07, it is incumbent upon this Court to give meaning to that.

{¶34} In addition to the exclusion of R.C. 2744.07(A), (B), and (D) stated in R.C. 940.07, CORSA would have this court also exclude R.C. 2744.08 and R.C. 2744.081. However, the General Assembly did not similarly and clearly render those two statutes

12

inapplicable to soil and water conservation districts. Our review starts and stops at this plain reading of the statute. *See Johnson v. Montgomery*, 151 Ohio St.3d 75, at ¶ 15. To adopt CORSA's reading of the statute would result in parenthetically adding to the statute by making the State the "sole" indemnifier of soil and water conversation districts. *See Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, at ¶ 19.

**{¶35}** Because R.C. 940.07 authorizes soil and water conservation districts to obtain insurance coverage and because the State must provide unlimited indemnification, the question before us is which defense and indemnification obligation must take precedence.

**{¶36}** Both parties discuss whether CORSA's coverage as to the district was illusory. "A contract is illusory only when by its terms the promisor retains an *unlimited* right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and this makes it merely illusory." *Inskeep v. Lewis*, 11th Dist. Trumbull No. 89-T-4246, 1991 WL 77294, * 2 (May 10, 1991), quoting *Century 21 Am. Landmark, Inc. v. McIntyre,* 68 Ohio App.2d 126, 427 N.E.2d 534 (1st Dist.1980), paragraph one of the syllabus. (Emphasis in original.) Illusory contracts are not enforceable. *Id.* at * 3. "As a general rule, courts favor interpretations which will render the contract valid and enforceable." *Id.*, citing *State ex rel. Gordon v. Taylor*, 149 Ohio St. 427, 79 N.E.2d 127 (1948). There is a presumption that the parties to a contract actually intended to bind themselves to mutual obligations. *Id.,* citing *Liqui-lawn Corp. v. The Andersons*, 8th Dist. Cuyahoga No. 50240, 1986 WL 4394, *3 (Apr. 10, 1986).

**{¶37}** We start with the premise that knowledge of the law governing the Coverage Agreement can be imputed to both parties. *See Bradford v. B & P Wrecking Co.*, 171

13

Ohio App.3d 616, 2007-Ohio-1732, 872 N.E.2d 331, ¶ 64 (6th Dist.) citing *Frey v. Trenor Motor Co.,* 2d Dist. No. 94–CA–69, 1995 WL 502254 (August 25, 1995) (both cases imputing knowledge of laws governing respective legal fields to parties experienced in those fields). R.C. 940.07 was enacted in 2016 and the CORSA negotiated coverage with Geauga County in October 2017 for the 2018 coverage period. Nevertheless, both parties continued coverage unchanged for the District, notwithstanding the enactment of R.C. 940.07. Had CORSA held the position that it had no obligation to indemnify the District due to R.C. 940.07 at the time it entered the Coverage Agreement with the District, CORSA's offer of indemnity would have been illusory as CORSA would retain an unlimited right to determine the nature or extent of its performance.

{¶38} CORSA and the trial court both correctly observed that CORSA insures all of the vehicles of Geauga County and its various agencies, boards, and entities. However, the District is an independent political subdivision and is a political entity distinct from Geauga County. R.C. 940.06(G) empowers the District to sue and be sued with respect to contracts and torts involving their employees or agents. Although it appears that Geauga County obtained insurance on behalf of the District, the parties stipulated that "[a]t the time of the subject accident, the District was a Covered Party as that term is defined in the Coverage Agreement." Therefore, CORSA's coverage as to the rest of Geauga County has no bearing on CORSA's coverage as to the District.

{¶39} Next, CORSA insured the District and the District owned vehicle that was involved in the accident. CORSA issued an insurance card for that vehicle. CORSA calculated, and Geauga County paid, an annual Membership Contribution based, in part, on District owned vehicles, including the vehicle subject to the accident. CORSA's

14

coverage as to the District was intended to cover specific vehicles and the premiums involved intended to pay for specifically assessed risk within the District.

{¶40} Finally, CORSA itself states that it has never argued that its insurance is in "excess" to the State's obligation to indemnify or relied on an "Other Insurance" provision in the policy to determine that the State has the sole and primary duty to indemnify. Instead, CORSA has argued that R.C. 940.07 itself requires the State to be *the sole indemnifier* of the District. As discussed above, the statute does not say that; it is silent on the question and does not otherwise provide that soil and water conservation districts may not obtain insurance coverage.

{¶41} CORSA argues that the legislature could have specifically referenced private insurance in R.C. 940.07, but did not. That is, the legislature could have limited its duties in cases where private insurance is in place as it has in other portions of the Revised Code. While that is true, the same could be said of CORSA. It could have written its Coverage Agreement to say it was not obligated to cover the District, or that its coverage is secondary in circumstances to which R.C. 940.07 applies. It did not, notwithstanding that it did just that in cases of "Other Coverage."

{¶42} Whether the State or CORSA specifically limited their duties does not resolve the question before us since it cuts both ways with the same effect on both sides of the issue. However, the parties spoke through their stipulation that the coverage agreement obligates CORSA to indemnify the District. The law presumes that the parties to a contract actually intended to bind themselves. *Inskeep v. Lewis*, 1991 WL 77294, * 2, citing *Liqui-lawn Corp.*, 1986 WL 4394, *3. CORSA has not argued that any portion of the Coverage Agreement relieves it of its obligation to defend and indemnify the District.

15

Instead, CORSA argues that R.C. 940.07 itself requires the State to be the sole indemnifier of the District.

{¶43} Significantly, accepting CORSA's interpretation of R.C. 940.07, would render CORSA's coverage of the District illusory because CORSA would have an unlimited right to determine the extent of its performance relative to the District.

{¶44} Related to the issue of illusory coverage is the Constitutional prohibition on States passing laws impairing the obligation of contracts. Article One, Section 10 of the United States Constitution provides that "[n]o state shall * * * pass any * * * Law impairing the Obligation of Contracts." The states lack the power to enact legislation that "shall render a contract void or shall prohibit its performance or make its performance impossible * * *." *City of Steubenville v. Steubenville, E. Liverpool & Beaver Val. Traction Co.*, 13 Ohio App. 493, 496-497 (7th Dist.1920).

{¶45} Under CORSA's interpretation, R.C. 940.07 would render CORSA's coverage agreement void, or at least impaired, by denying the District (and the County) of the benefit of the coverage for which the County paid. That would render the statute unconstitutional under Article One, Section 10 of the United States Constitution. It is well established that "[A] statute is presumed to be constitutional and every reasonable presumption will be made in favor of its validity." *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.*, 87 Ohio St.3d 325, 328, 720 N.E.2d 901, 904 (1999). We must afford a constitutional interpretation if one is reasonably available. *State v. Carswell,* 114 Ohio St.3d 210, 2007-Ohio-3723, 871 N.E.2d 547, ¶ 7. "[A]ny doubt as to constitutionality is resolved in favor of the validity of the statute." *State ex rel. Haylett* at 328.

Case No. 2022-G-0013

{¶46} We must presume that R.C. 940.07 is constitutional and afford it a constitutional interpretation that does not impair the validity of the coverage agreement between CORSA and the District. Further, based on our conclusion that R.C. 940.07(C) and (D) do not "otherwise provide" for the exclusion of R.C. 2744.08 and R.C. 2744.081, we must give effect to CORSA's Coverage Agreement.

{¶47} To do otherwise would be contrary to the legislature's patent expression to allow soil and water conservation districts to obtain defense and indemnification from private insurance and would shield such a provider behind the State's responsibility to provide unlimited indemnification to soil and water conservation districts. To determine that the State's obligations must take precedence would render soil and water conservation district insurance coverage meaningless, as the insurance company would never be subject to indemnify a soil and water conservation district due to R.C. 940.07 requiring the State to provide unlimited indemnification in the amount of any judgment that is rendered against the District in a tort action.

{¶48} This analysis resolves the parties' apparent competing and unequivocal stipulations. The language of the statute, tenets of contract law, and the United States Constitution all support our conclusion that R.C. 940.07 does not impose the duty on the State alone to defend and indemnify soil and water conservation districts. The immovable object must give way – CORSA must defend and indemnify the District.

{¶49} R.C. 940.07 does not otherwise exclude the District from obtaining insurance or joining a risk pool, such as CORSA. The undisputed fact is that, based on the coverage agreement, CORSA owes defense and indemnity to the District for the accident. Of course, should the District's liability exceed CORSA's policy limits, the State

17

would need to provide unlimited indemnification beyond that limit. However, unless and until that limit is reached, CORSA is responsible to defend and indemnify pursuant to the coverage agreement.

{¶50} Accordingly, the State's first assignment of error has merit. The trial court erred in denying the State's motion for summary judgment and in granting CORSA's motion for summary judgment.

{¶51} The State's second assignment of error states:

{¶52} "[2.] The trial court erred in denying the defendants-appellants' Motion for a More Definite Statement."

{¶53} In this assignment, the State argues that the trial court erred in not dismissing CORSA's declaratory action and in ruling against the State's request for a more definite statement. The State asserts two basic claims. First, that CORSA's complaint did not allege facts supporting standing to bring its declaratory judgment action. Second, that CORSA's complaint did not set forth any claims against the District, the Board, or Prunty.

{¶54} We review a ruling on a motion for a more definite statement under an abuse of discretion standard. *See Sazima v. Chalko*, 86 Ohio St.3d 151, 154, 712 N.E.2d 729 (1999). "The term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-208, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*,

18

2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67.

{¶55} Civ.R. 8(A) requires a complaint to contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 12(E) allows a party to move for a more definite statement if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading * * *."

{¶56} R.C. 2721.03(A) provides that "any person whose rights, status, or other legal relations are affected by a statute, * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations under it." A plaintiff must plead three prerequisites to declaratory relief: "(1) a real controversy between the parties, (2) justiciability, and (3) the necessity of speedy relief to preserve the parties' rights." *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 19, *Burger Brewing Co.,* 34 Ohio St.2d at 97, 296 N.E.2d 261, citing *Am. Life & Acc. Ins. Co. of Kentucky v. Jones,* 152 Ohio St. 287, 296, 89 N.E.2d 301 (1949).

{¶57} The State cites *Cuyahoga Cty. Bd. Of Commrs. V. State,* 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330 for the proposition that CORSA must suffer or be threatened with "direct and concrete injury" in order to bring a declaratory action that

19

would bind the state. *Id.* at ¶ 22. However, *Cuyahoga* is inapposite to this case. There, the court said "that standing to attack the constitutionality of a legislative enactment exists only where a litigant 'has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury.'" *Id.* quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469–470, 715 N.E.2d 1062 (1999). Here, CORSA did not seek a declaration that R.C. 940.07 was unconstitutional.

**{¶58}** In its complaint, CORSA properly set forth sufficient facts which alleged a real controversy between itself and the State relating to indemnification of the District. That controversy turned on the construction of R.C. 940.07. Further, CORSA alleged a justiciable case in need of speedy relief by pleading that it's rights would be affected by the construction of R.C. 940.07. We therefore find that the trial court did not err as to the State's assertion that CORSA's complaint did not allege facts supporting standing to bring its declaratory judgment action.

**{¶59}** Next, we turn to whether the trial court erred as to the State's assertion that CORSA's complaint did not set forth any claims against the District, the Board, or Prunty.

**{¶60}** R.C. 2721.12(A) provides that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. * * * [A] declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding." In this case, CORSA and the State both acknowledge a duty to indemnify the District, the Board, and Prunty for the accident. Each party has an interest that would

20

be affected by the outcome of this case. CORSA was obligated to name those parties with a claim or interest in the outcome of the case regardless of whether CORSA set forth any claims against those parties. The trial court did not err in finding that CORSA's complaint for declaratory judgment properly included the District, the Board, and Prunty.

{¶61} Accordingly, the State's second assignment of error is without merit.

{¶62} The State's third assignment of error states:

{¶63} "[3.] The trial court abused its discretion in denying the defendants-appellants' Motion to Compel discovery."

{¶64} The State next argues that the trial court abused its discretion in denying its motion to compel discovery. The State requested additional discovery after the parties completed their Joint Stipulations of Fact.

{¶65} "In the regulation of discovery, the trial court has discretionary power and its decisions will not be overturned absent an abuse of that discretion." *Armstrong v. Marusic,* 11th Dist. No. 2001-L-232, 2004-Ohio-2594, at ¶ 17, citing *Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578, 592, 664 N.E.2d 1272. Where the production of discovery is not relevant or necessary to determine the issues raised in summary judgment, it is within the trial court's discretion to deny a motion to compel discovery. *State ex rel. Cahill v. Village of Madison*, 2018-Ohio-1449, 110 N.E.3d 597(11th Dist.), ¶ 35, citing *Brunstetter v. Keating*, 11th Dist. Trumbull No. 2002-T-0057, 2003-Ohio-3270, ¶ 30.

{¶66} The trial court's ruling on the motion to compel (see paragraph 7 above), indicated that the requested discovery material, while relevant to counterclaims of the non-State defendants, was not necessary to resolve the summary judgment issue of

whether R.C. 940.07 required the State to indemnify the District to the exclusion of otherwise valid insurance coverage. The trial court's decision was without prejudice and the trial court extended the discovery deadlines to allow discovery after ruling on dispositive motions. The trial court appropriately exercised its discretion to regulate discovery in a manner that did not prejudice the parties.

{¶67} Accordingly, the State's third assignment of error is without merit.

{¶68} This matter is reversed and remanded for further proceedings consistent with this opinion. CORSA must fulfill its contractual duty under the coverage agreement. Should the liability exceed policy limits, under R.C. 940.07, the State is required to fully and completely indemnify the District for such amounts.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case No. 2022-G-0013